■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARABALLO, Appellant. [617 NYS2d 300] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered July 2, 1992, convicting defendant, upon guilty pleas, of three counts of robbery in the first degree, and sentencing him, as a second felony offender, to three concurrent sentences of 6 to 12 years, unanimously affirmed.

Defendant's contention that the court improperly failed to advise him about a possible affirmative defense during the plea allocution was not timely raised and is therefore unpreserved for appellate review as a matter of law *(People v Wright,* 196 AD2d 700, 701). Were we to reach this claim, we would find that the guilty pleas were validly entered. The court was under no duty to inquire as to whether defendant was aware of the significance of raising the affirmative defense under Penal Law § 160.15 (4), namely that he had committed the robberies while displaying a pistol that "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged", since, at the plea allocution, defendant clearly acknowledged that he and another had robbed a store "at gun point" and had robbed another store "using a pistol"; no mention was made that the crimes were committed using only a cap gun *(compare, People v Moye,* 171 AD2d 1036). The fact that a cap gun was recov-

ered from defendant at the time of his apprehension is irrelevant because the record does not establish that this was the weapon used during the robbery on the day of defendant's arrest, let alone during the robberies that occurred a week and a month earlier *(People v Pellegrino,* 91 AD2d 942, *affd* 60 NY2d 636).

We note further that defendant's pleas were knowing and voluntary in contemplation of receiving, as a second felony offender, the sentences bargained for, and that he does not seek vacatur of the pleas and reinstatement of the indictments on appeal, but to obtain only the unilateral benefit of reduction in the convictions and sentences. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.