■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOYD L. FORT, JR., Appellant. [824 NYS2d 807]—

Appeal from a judgment of the County Court of Ostego County (Coccoma, J.), rendered May 16, 2005, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant was charged in an indictment with burglary in the second degree and grand larceny in the fourth degree. In satisfaction of the charges, he pleaded guilty to attempted burglary in the second degree and waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to a prison term of four years, to be followed by five years of postrelease supervision. He was sentenced in accordance with the plea and now appeals.

Defendant asserts that he was not sentenced in accordance with the terms of the original plea agreement because he received five years of postrelease supervision instead of three years and urges this Court to reduce his sentence accordingly. Based upon our review of the record, we find defendant's argu-

ment to be unpersuasive. Although a plea offer of four years in prison to be followed by three years of postrelease supervision was discussed at the outset of the plea proceedings, these proceedings were terminated by County Court due to defendant's failure to be truthful. When the proceedings resumed, the plea offer of four years in prison to be followed by five years of postrelease supervision, the latter of which was required due to defendant's status as a second felony offender (*see* Penal Law §§ 70.06, 70.45), was articulated on the record. Defendant, in turn, knowingly, voluntarily and intelligently accepted it. While County Court again mentioned the three years of postrelease supervision at sentencing, it corrected this misstatement and sentenced defendant to five years of postrelease supervision as contemplated by the plea agreement. Under the circumstances presented, we do not find that defendant was deprived of the benefit of the plea bargain (*see People v Caraballo*, 208 AD2d 413, 414 [1994], *lv denied* 84 NY2d 1010 [1994]; *cf. People v Varnum*, 291 AD2d 724, 725 [2002]).

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.