# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

960

KA 11-00286

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN A. DUKES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 17, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]) and criminal sexual act in the first degree (§ 130.50 [1]). We agree with defendant that Supreme Court erred in accepting his plea without ensuring that he was making an informed decision to waive a potential affirmative defense to the robbery charge. We therefore reverse the judgment of conviction, vacate the plea and remit the matter to Supreme Court for further proceedings on the indictment.

The indictment alleged, inter alia, that defendant and an accomplice robbed a store in Rochester by displaying what appeared to be a firearm. At the outset of the plea colloquy, defense counsel stated that, although defendant told the police that he used a .45 caliber handgun in the robbery, the weapon he had used was actually a BB gun. Defense counsel further stated, however, that defendant would waive the affirmative defense set forth in Penal Law § 160.15 (4), which applies where the weapon used in the robbery "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged." During the ensuing plea colloquy, defendant stated that the gun he had used was a BB gun that looked like a revolver, not a .45 caliber handgun as he had told

the police.  At the end of the plea colloquy, defense counsel, in response to concerns expressed by the prosecutor, again stated that defendant was waiving the affirmative defense set forth in section 160.15 (4).  The court then accepted defendant's plea.

Although "no catechism is required in connection with the acceptance of a plea" (*People v Goldstein*, 12 NY3d 295, 301), it is well established that, "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, . . . the trial court has a duty to inquire further to ensure that [the] defendant's guilty plea is knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666; *see People v Serrano*, 15 NY2d 304, 308-309).  "Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal," despite having failed to make that challenge in a "postallocution motion" directed to the plea court (*Lopez*, 71 NY2d at 666).

Here, we conclude that reversal is mandated by the reasoning of *People v Mox* (20 NY3d 936).  In that case, the defendant, who was offered the opportunity to plead guilty to a reduced charge of manslaughter in the first degree, stated during the plea colloquy that he was hearing voices on the day of the homicide, was in a psychotic state, and had not taken his prescribed medication for several days.  County Court nevertheless accepted the defendant's plea.  Immediately after the plea was entered, defense counsel stated that she had discussed with the defendant the potential defense of not guilty by reason of mental disease or defect, and that the defendant was willing to waive that defense in order to accept the People's plea offer.  The court then asked the defendant if that was correct, and the defendant answered in the affirmative.  The Court of Appeals vacated the plea, concluding that County Court had a duty to "inquire further into whether defendant's decision to waive a potentially viable insanity defense was an informed one such that his guilty plea was knowing and voluntary" (*Mox*, 20 NY3d at 939).  According to the Court of Appeals, County Court's "single question to defendant verifying that he discussed that defense with his attorney and opted not to assert it was insufficient to meet that obligation" (*id.*)

Here, as noted, defendant made statements during the plea colloquy indicating that he had a potentially viable affirmative defense to the charge of robbery in the first degree.  Thus, the court was obligated under the holding of *Mox* and the rule set forth in *Lopez* to ensure that defendant was aware of that defense and that he was knowingly and voluntarily waiving it.  Although defense counsel stated that he had discussed the potential defense with defendant and that defendant was waiving it in order to accept the plea offer, the court did not ask any questions of defendant regarding the potential defense.  Thus, the facts of the instant case present an even stronger basis for vacatur of the plea than those in *Mox*, where the plea court took the additional step—one not taken here—of asking the defendant whether it was true that he had discussed the applicable affirmative defense with his attorney and was willing to waive it (*see Mox*, 20

NY3d at 939; *see also People v Grason*, 107 AD3d 1015, 1016).

In light of our determination, we do not address defendant's remaining contention.