People v Rosario (2018 NY Slip Op 07564)





People v Rosario


2018 NY Slip Op 07564


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1013 KA 17-00011

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE ROSARIO, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered April 27, 2015. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Niagara County Court for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of sexual abuse in the first degree (Penal Law § 130.65 [2]), defendant contends that County Court erred in accepting the plea because he made a statement during the allocution that cast significant doubt on his guilt or otherwise called into question the voluntariness of the plea and the court failed to conduct a sufficient inquiry to ensure that the plea was knowingly and voluntarily entered. We agree. Although defendant's contention survives his valid waiver of the right to appeal (see generally People v Lopez, 6 NY3d 248, 255 [2006]), he failed to preserve that contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Burtes, 151 AD3d 1806, 1807 [4th Dept 2017], lv denied 30 NY3d 978 [2017]; People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]; People v VanDeViver, 56 AD3d 1118, 1118 [4th Dept 2008], lv denied 11 NY3d 931 [2009], reconsideration denied 12 NY3d 788 [2009]). This case nonetheless falls within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v DeJesus, 144 AD3d 1564, 1565 [4th Dept 2016]). Defendant made a statement during the plea allocution that raised a potentially viable affirmative defense pursuant to Penal Law § 130.10 (1), thereby "giving rise to a duty on the part of the court, before accepting the guilty plea, to ensure that defendant was aware of that defense and was knowingly and voluntarily waiving it" (DeJesus, 144 AD3d at 1565; see People v Mox, 20 NY3d 936, 938-939 [2012]; People v Dukes, 120 AD3d 1597, 1598 [4th Dept 2014]). We conclude that the court's inquiry here was insufficient to meet that obligation (see Mox, 20 NY3d at 939; DeJesus, 144 AD3d at 1565). We therefore reverse the judgment of conviction, vacate the plea, and remit the matter to County Court for further proceedings on the indictment.
In light of our determination, we do not address defendant's remaining contentions.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court