People v Drake (2020 NY Slip Op 00183)





People v Drake


2020 NY Slip Op 00183


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

109994

[*1]The People of the State of New York, Respondent,
v
Stephen Drake, Appellant.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Michael J. Kavanagh, Acting District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 3, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Pursuant to a plea agreement, defendant pleaded guilty to burglary in the second degree in satisfaction of a two-count indictment and waived his right to appeal. County Court sentenced him to a prison term of six years, followed by five years of postrelease supervision, in accordance with the terms of the agreement and ordered restitution in the amount of $7,865. Defendant appeals.
We affirm. Defendant's challenge to the validity of his waiver of the right to appeal is unavailing. County Court thoroughly explained to defendant that his right to appeal was separate and distinct from the trial-related rights that he would be automatically forfeiting by pleading guilty, and defendant repeatedly confirmed that he understood the nature of the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Harrison, 176 AD3d 1262, 1263 [2019], lv denied ___ NY3d ___ [Nov. 29, 2019]; People v Hunt, 176 AD3d 1253, 1253-1254 [2019]). Additionally, defendant executed a detailed written waiver in open court, which he reviewed with the assistance of counsel and assured the court that he had read and understood (see People v Stebbins, 171 AD3d 1395, 1396 [2019], lv denied 33 NY3d 1108 [2019]; People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal. In light of the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence has been foreclosed (see People v Brassard, 175 AD3d 1723, 1724 [2019]; People v Bayne, 175 AD3d 1722, 1723 [2019]; People v Cannelli, 173 AD3d 1567, 1568 [2019]).
Although defendant's challenge to the voluntariness of his plea and his ineffective assistance of counsel claim — to the extent that it impacts the voluntariness of his plea — survive his valid appeal waiver, these issues are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite having ample opportunity to do so prior to sentencing (see People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]; People v Freeman, 169 AD3d 1115, 1116 [2019], lv denied 33 NY3d 1069 [2019]; People v Dickerson, 168 AD3d 1194, 1195 [2019]). Additionally, as defendant did not make any statements during the plea colloquy or at sentencing that were inconsistent with his guilt or that otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). We also note that many of defendant's allegations of ineffective assistance, such as counsel's failure to advise him of certain defenses, involve matters outside of the record and are, thus, more properly pursued through a CPL article 440 motion (see People v Mastro, 174 AD3d 1232, 1233 [2019]; People v White, 172 AD3d 1822, 1824 [2019], lv denied 33 NY3d 1110 [2019]; People v Retell, 164 AD3d 1501, 1502 [2018]).
Defendant's challenge to the amount of restitution ordered is not precluded by the appeal waiver, as the amount was not specifically set in the plea agreement (see People v Hunter, 175 AD3d 1601, 1604 [2019]; People v Mahon, 148 AD3d 1303, 1304 [2017]; People v Ortiz, 148 AD3d 1291, 1292 [2017]). Nevertheless, this issue is also unpreserved, as defendant did not request a restitution hearing and ultimately agreed to the amount awarded to the victim (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Perry, 168 AD3d 1287, 1288 [2019]; People v Miller, 126 AD3d 1233, 1234 [2015], lv denied 25 NY3d 1168 [2015]).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.