People v Sabin (2020 NY Slip Op 00649)





People v Sabin


2020 NY Slip Op 00649


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

110000

[*1]The People of the State of New York, Respondent,
v
William J. Sabin, Appellant.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant, and appellant pro se.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 11, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant was charged in a three-count indictment with criminal sale of a controlled substance in the third degree stemming from three separate sales of cocaine. After extensive negotiations, defendant pleaded guilty to a reduced charge of attempted criminal sale of a controlled substance in the third degree in satisfaction of the indictment and other pending felony and misdemeanor charges. As part of the plea agreement, defendant waived his right to appeal, and sentencing was left to the discretion of County Court, which agreed to cap the prison sentence at six years with three years of postrelease supervision. Thereafter, defendant was sentenced, as a second felony offender, to a prison term of five years, to be followed by three years of postrelease supervision, was ordered to pay restitution of $580 and agreed to the forfeiture of a vehicle and certain cash. Defendant appeals.
We affirm. Defendant's challenge to the appeal waiver lacks merit. The record reflects that defendant was repeatedly advised during plea negotiations that a waiver of appeal was a condition of the plea agreement. County Court explained the nature of his appellate rights and the meaning and consequences of the waiver and, after consulting with counsel, defendant signed the written waiver of appeal in open court, indicating that he had discussed the waiver with counsel and understood it. The court did not improperly lump defendant's appellate rights with those rights automatically forfeited by his guilty plea and, contrary to his claim, the court's explanation and the executed written waiver made clear that the right to appeal was distinct from his other trial-related rights (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]). The court adequately conveyed to defendant that he would be precluded from raising on appeal most legal issues related to his guilty plea and sentence, while noting that some issues would survive his appeal waiver. The written waiver, which defendant reviewed with counsel, explained this distinction more clearly. Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d at 248; People v Bowden, 177 AD3d 1037, 1038 [2019]; compare People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *6 [2019]). Given the valid appeal waiver, defendant's challenge to the sentence as harsh and excessive is precluded (see People v King, 172 AD3d 1763, 1764 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]).
Although not precluded by his valid appeal waiver, defendant's claim that his guilty plea was not knowing, voluntary and intelligent has not been preserved for our review, as the record does not reflect that he made an appropriate postallocution motion despite having an opportunity to do so (see CPL 220.60 [3]; People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Morton, 173 AD3d 1464, 1465 [2019], lv denied 34 NY3d 935 [2019]). Moreover, the exception to the preservation rule is inapplicable, as defendant did not make any statements that negated his guilt or called into question the voluntariness of his guilty plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Morton, 173 AD3d at 1465-1466). Defendant's argument that he was not adequately advised of his Boykin trial rights during the plea allocution (see Boykin v Alabama, 395 US 238, 243 [1969]) is subject to preservation rules (see People v Conceicao, 26 NY3d at 382; People v Small, 166 AD3d 1237, 1238 [2018]) and, were we to address it despite the lack of preservation, we would find that he was adequately advised of and validly waived those rights (see People v Conceicao, 26 NY3d at 383; People v Tyrell, 22 NY3d 359, 365 [2013]; People v Mitchell, 166 AD3d 1233, 1234 [2018], lv denied 33 NY3d 979 [2019]).
To the extent that defendant's claims of ineffective assistance of counsel impact upon the voluntariness of his plea, including the arguments raised in his pro se brief, they survive the appeal waiver but are similarly unpreserved due to the lack of a postallocution motion (see People v Allevato, 170 AD3d 1264, 1265 [2019], lv denied 34 NY3d 949 [2019]). Were we to reach this issue, we would find that counsel secured a very favorable plea that greatly reduced defendant's sentencing exposure and avoided persistent felony offender sentencing, and that nothing in the record casts doubt on counsel's apparent effectiveness (see People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 NY3d 1149 [2018]). Further, defendant has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's decision to proceed with ongoing, beneficial plea negotiations rather than moving for suppression and preclusion of certain evidence that the People had not yet turned over pursuant to earlier court orders, relief that counsel could have pursued if plea negotiations proved unsuccessful (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks and citation omitted]; see People v Hunter, 175 AD3d 1601, 1604 [2019], lvs denied ___ NY3d ___ [Dec. 10, 2019]). We have examined defendant's remaining contentions, including those raised in his pro se brief, and find that they are without merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.