People v Gumbs (2020 NY Slip Op 02203)





People v Gumbs


2020 NY Slip Op 02203


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

109094

[*1]The People of the State of New York, Respondent,
v
Anton C. Gumbs, Appellant.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Spencer E. Lane of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered November 14, 2016, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. Thereafter, defendant was sentenced, as a second felony offender, to the agreed-upon prison term of 15 years to be followed by five years of postrelease supervision. Consistent with the terms of the plea agreement, County Court ordered the 15-year prison term to run concurrently to a prison term of 18 years that was imposed a few days earlier in Albany County for defendant's unrelated conviction of robbery in the first degree. Defendant appeals.
We affirm. Defendant validly waived his right to appeal. He was advised at the outset of the plea proceeding that the waiver of his right to appeal was a condition of the plea agreement, and defendant indicated his understanding of this condition and that he had no questions (see People v Cannelli, 173 AD3d 1567, 1567-1568 [2019]; People v Vanalst, 171 AD3d 1349, 1350 [2019], lv denied 33 NY3d 1109 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). During the plea colloquy, County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Danielson, 170 AD3d 1430, 1431 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]; People v Tucker, 164 AD3d 948, 949 [2018]). The record further reflects that defendant signed a written appeal waiver — in which defendant indicated that he understood that he was giving up his right to appeal from, among other things, his guilty plea and sentence — in open court after conferring with counsel and discussing its contents. Accordingly, defendant knowingly, voluntarily and intelligently waived his right to appeal from the conviction and sentence (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d at 256; People v Cherry, 166 AD3d at 1221). The valid appeal waiver precludes our review of defendant's claim that the agreed-upon sentence imposed was harsh and excessive (see People v Lopez, 6 NY3d at 256; People v Tucker, 164 AD3d at 949-950).
Defendant's challenge to the voluntariness of his guilty plea survives his appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [2016], lv denied 28 NY3d 1184 [2017]), but is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Pastor, 28 NY3d 1089, 1090 [2016]; People v Small, 166 AD3d 1237, 1238 [2018]; People v Caraballo, 208 AD2d 413, 413 [1994], lv denied 84 NY2d 1010 [1994]).[FN1] Further, defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement or obligate County Court to inquire whether defendant was aware of a potential affirmative defense (see People v Pastor, 28 NY3d at 1090-1091; People v Quell, 166 AD3d 1388, 1389 [2018], lv denied 32 NY3d 1208 [2019]; People v Johnson, 54 AD3d 1133, 1133 [2008]; compare People v DeJesus, 144 AD3d 1564, 1565 [2016]; People v Peterson, 124 AD3d 993, 993-994 [2015]; People v McEaddy, 20 AD3d 585, 585-586 [2005]; People v Waddell, 66 AD2d 807, 807 [1978]).
Defendant noted his mental health issues in a pro se letter to County Court, which the court appropriately declined to review because defendant was represented by counsel (see People v Rodriguez, 95 NY2d 497, 501-502 [2000]; People v Martin, 125 AD3d 1054, 1054-1055 [2015], lv denied 26 NY3d 932 [2015]). Defendant later raised those issues at sentencing, at which time the court noted that such information was in the presentence investigation report. In response to a question, defendant indicated that he was not denying that he was guilty of the crime, but simply asked the court to take his mental condition into consideration in the disposition. Thus, the claims regarding his mental condition do not appear related to arguments that his plea or appeal waiver were unknowing, involuntary or unintelligent; rather they pertain to his precluded argument that the agreed-upon sentence was harsh and excessive.
Defendant's argument that he was denied the effective assistance of counsel is precluded by his valid appeal waiver except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea (see People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]; People v Jeske, 55 AD3d 1057, 1058 [2008], lv denied 11 NY3d 898 [2008]), and, to that extent, the absence of an appropriate postallocution motion renders the matter unpreserved (see People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Dickerson, 168 AD3d 1194, 1194-1195 [2019]; People v Muller, 166 AD3d 1240, 1241 [2018]). To the extent that defendant alleges that counsel failed to promptly explain the terms of the plea agreement with him and adequately pursue alternative sentencing avenues given defendant's mental health needs, these claims implicate matters outside of the record and, therefore, are more properly the subject of a CPL article 440 motion (see People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]; People v Muller, 159 AD3d 1232, 1233 [2018]; People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]).
Clark, J.P., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant challenges the factual sufficiency of his plea allocution, this claim is precluded by his valid waiver of the right to appeal (see People v Huntley, 177 AD3d 1034, 1035 [2019], lv denied 34 NY3d 1129 [2020]; People v Hummel-Parker, 171 AD3d 1397, 1398 [2019]; People v Dorsey, 170 AD3d 1325, 1325-1326 [2019], lv denied 33 NY3d 1068 [2019]).