People v Jones (2020 NY Slip Op 03146)





People v Jones


2020 NY Slip Op 03146


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

109886

[*1]The People of the State of New York, Respondent,
v
Massi Jones, Also Known as Black, Appellant.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered October 31, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant was charged in an indictment with multiple drug-related crimes. Counsel from the Public Defender's office was assigned to represent him. Early in the proceedings, it was disclosed that an actual or potential conflict of interest existed with regard to counsel's representation of defendant at trial due to his representation of a witness, whose identity was not disclosed. In addition, defendant was apparently dissatisfied with counsel's representation and lodged complaints with County Court. In accordance with County Court's order, counsel continued to represent defendant during the course of the Huntley and Wade hearings that followed. At the conclusion of these hearings, counsel was relieved and the Conflict Defender was assigned to represent defendant. Prior to trial, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree in satisfaction of the charges contained in the indictment, and he also waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 4½ years in prison, followed by three years of postrelease supervision, to run concurrently with the sentence imposed on an unrelated crime. Defendant appeals.
Defendant contends that his guilty plea was not knowingly, voluntarily and intelligently entered. Although this claim is not precluded by defendant's unchallenged waiver of the right to appeal, it has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Drake, 179 AD3d 1221, 1222 [2020]; People v Almonte, 179 AD3d 1222, 1224 [2020]). Moreover, the exception to the preservation requirement is inapplicable as defendant did not make any statements during the proceedings that negated his guilt or called into question the voluntariness of his plea (see People v Sabin, 179 AD3d 1401, 1401 [2020]; People v Drake, 179 AD3d at 771).
Defendant also asserts that he was deprived of the effective assistance of counsel due to County Court's failure to conduct a further inquiry into the adequacy of counsel's representation and his request for new counsel. Inasmuch as this claim does not implicate the voluntariness of defendant's guilty plea, it is foreclosed by his uncontested appeal waiver (see People v Gumbs, 182 AD3d 701, ___, 2020 NY Slip Op 02203, *1 [2020]; People v Hawkins, 177 AD3d 1035, 1035 [2019]). In any event, County Court responded to defendant's request and assigned new counsel to represent him following the Wade and Huntley hearings. His allegations with regard to counsel's other alleged deficiencies concern matters outside the record and are more properly the subject of a CPL article 440 motion (see People v Gumbs, 2020 NY Slip Op 02203 at *1; People v Thomas, 178 AD3d 1237, 1238 [2019]).
Mulvey, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.