People v Payson (2020 NY Slip Op 07628)





People v Payson


2020 NY Slip Op 07628


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

110192

[*1]The People of the State of New York, Respondent,
v
James Payson, Appellant.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Dennis J. Lamb, Troy, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered November 14, 2017, convicting defendant upon his plea of guilty of the crime of promoting a sexual performance by a child (four counts).
Defendant was charged in an 88-count indictment with predatory sexual assault of a child, sex trafficking, promoting a sexual performance by a child (43 counts) and possessing a sexual performance by a child (43 counts). In satisfaction of all charges, defendant pleaded guilty to four counts of promoting a sexual performance by a child and waived his right to appeal. County Court thereafter imposed a prison term on each conviction of 2&frac13; to 7 years, to be served consecutively to one another. Defendant appeals.
We affirm. Defendant's challenge to his guilty plea as not knowing, voluntary and intelligent was not preserved for our review by an appropriate postallocution motion, despite ample time to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219—222 [2016]; People v Favreau, 174 AD3d 1226, 1227 [2019], lv denied 34 NY3d 980 [2019]). Further, defendant did not make any statements during his plea allocution or prior to being sentenced that were inconsistent with his guilt or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Tyrell, 22 NY3d 359, 363—364 [2013]; People v Lopez, 71 NY2d 662, 666 [1998]).
Even were we to view defendant's post-sentencing outburst regarding the agreed-upon sentence as preserving a challenge to the voluntariness of his guilty plea, we would find that it is belied by the record and lacks merit. After sentence was imposed, defendant exclaimed that defense counsel had "lied to [him]" by telling him that he would be sentenced to 1&frac13; to 7 years in prison, and would be "out in five years" with good behavior, and that he had entered a guilty plea based on that mistaken expectation. Defendant did not, however, move to withdraw his guilty plea or seek any other relief (see CPL 220.60 [3]). Contrary to defendant's claim, the plea terms were clearly spelled out on the record more than once before he pleaded guilty, including that County Court would impose four consecutive 2&frac13; to 7-year prison sentences that would, in aggregate, total 9&frac13; to 28 years; defendant assured the court during the plea allocution that there had been no other sentencing promises. As such, there is no support in the record that defendant was misadvised regarding the promised sentence, or that he entered the plea under a mistaken belief as to the sentencing promise.
Defendant also argues that his plea is invalid in that County Court failed to advise him how his aggregate sentence would be adjusted pursuant to Penal Law § 70.30 (1) (e) (i). Penal Law § 70.30, which provides for the calculation of multiple sentences, "does not affect the authority of the courts to impose multiple sentences or govern the lengths of individual sentences, but [*2]instead it provides direction to the correctional authorities as to how to compute the time which must be served under the sentences" (People ex rel. Ryan v Cheverko, 22 NY3d 132, 136 [2013] [internal quotation marks and citation omitted]; see People v Moore, 61 NY2d 575, 578 [1984]). As we previously recognized, "[t]he failure to inform [a] defendant of such calculations — which is done by correctional authorities — does not render the plea involuntary" (People v DePerno, 148 AD3d 1463, 1465 [2017], lv denied 29 NY3d 1030 [2017]; see People v Wiggins, 176 AD3d 1255, 1257 [2019]). Although during the plea proceeding there was a brief reference to correction authorities adjusting the aggregate sentence, which defense counsel indicated he had discussed with defendant, no specifics were discussed, and the record does not reflect that defendant was in any sense misinformed as to what that adjustment would be. Under these circumstances, we find that defendant's guilty plea was knowing, voluntary and intelligent (see People v Wiggins, 176 AD3d at 1257; see People v Conceica, 26 NY3d 375, 382-383 [2015]). Defendant's challenge to his agreed-upon sentence as harsh and excessive is precluded by his oral and written waiver of appeal, which made clear the separate and distinct nature of that waiver and its consequences (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Sabin, 179 AD3d 1401, 1402 [2020], lv denied 35 NY3d 995 [2020]).
Defendant's related claim that he was denied the effective assistance of counsel based upon counsel's alleged misadvice survives his appeal waiver to the extent that it impacts upon the voluntariness of his plea, but is nevertheless unpreserved for our review in the absence of an appropriate postallocution motion (see People v Jones, 184 AD3d 901, 902 [2020], lvs denied 35 NY3d 1111, 1113 [2020]). Even were we to view it as preserved by defendant's statements at the end of the sentencing proceeding, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record cast doubt upon the apparent effectiveness of counsel" (People v Cross, 165 AD3d 1315, 1316 [2018] [internal quotation marks and citation omitted]). Were we to address defendant's claim on this record, we would conclude that he received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]). Defendant's contention that counsel provided inaccurate assurances regarding his maximum aggregate sentencing exposure concerns matters outside of the record and, as such, is more appropriately pursued in a motion pursuant to CPL article 440 (see People v Gumbs, 182 AD3d 701, 703 [2020], lv denied 35 NY3d 1066 [2020]; People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]).
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.