People v Washburn (2021 NY Slip Op 01447)





People v Washburn


2021 NY Slip Op 01447


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

110625

[*1]The People of the State of New York, Respondent,
v
Kenneth K. Washburn, Appellant.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered July 5, 2018, convicting defendant upon his plea of guilty of the crimes of attempted criminal sexual act in the second degree and possessing a sexual performance by a child.
In full satisfaction of a six-count indictment, defendant agreed to plead guilty to one count of attempted criminal sexual act in the second degree and one count of possessing a sexual performance by a child with the understanding that he would be sentenced to a prison term of two years upon his conviction of attempted criminal sexual act in the second degree (followed by a period of postrelease supervision ranging from 5 to 15 years) and to a prison term of 1½ to 3 years upon his conviction of possessing a sexual performance by a child — said sentences to run consecutively. The term of postrelease supervision to be imposed was left to County Court's discretion, and the plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing. Defendant then moved to withdraw his plea, arguing that he had not been afforded sufficient time to review certain Rosario materials — allegedly provided for the first time immediately before his plea — and, therefore, his plea was involuntary. County Court denied the motion and thereafter sentenced defendant as a second felony offender to the contemplated terms of imprisonment and imposed a 15-year period of postrelease supervision. This appeal ensued.
The People concede that defendant's waiver of the right to appeal is invalid and that he is not precluded from arguing that the sentence imposed was harsh and excessive. That said, although the underlying crimes represent defendant's first conviction for a sex offense, in view of defendant's otherwise lengthy criminal history and the nature of the underlying crimes, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the period of postrelease supervision in the interest of justice (see People v Weidow, 150 AD3d 1488, 1488-1489 [2017]).
Defendant's challenge to the voluntariness of his plea — insofar as it is predicated upon the inadequate amount of time that he purportedly was afforded to review certain Rosario material — was preserved for our review by defendant's motion to withdraw his plea upon this ground. However, even assuming, without deciding, that the documents at issue — primarily consisting of approximately 200 text messages that defendant engaged in with an individual posing as a 14-year-old boy — were not included in the discovery materials previously provided to each of defendant's various attorneys, the fact remains that defendant was either the sender or the recipient of the text messages at issue and, hence, was well aware of their allegedly exculpatory content long before he entered his guilty plea. Beyond that, the plea colloquy reveals [*2]that defendant acknowledged that he was alert and understood the nature of the proceeding, that counsel had answered all of his questions, that he was satisfied with counsel's services, that he had not been threatened or coerced into entering his plea and that he was pleading guilty of his own free will (see People v Burnell, 183 AD3d 931, 932-933 [2020], lv denied 35 NY3d 1043 [2020]; People v Diggs, 178 AD3d 1203, 1204-1205 [2019], lv denied 34 NY3d 1158 [2020]). Under these circumstances, neither defendant's allegations nor his otherwise unsupported claim of innocence is sufficient to undermine the voluntariness of his plea (see People v Diggs, 178 AD3d at 1204-1205; People v Ozuna, 177 AD3d 1040, 1041 [2019], lv denied 35 NY3d 972 [2020]).
To the extent that defendant now argues that his plea was involuntary because he was not sufficiently apprised of his Boykin rights (see Boykin v Alabama, 395 US 238, 243 [1969]), this alleged infirmity is subject to the preservation rule (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Sabin, 179 AD3d 1401, 1403 [2020], lv denied 35 NY3d 995 [2020]). As defendant did not move to withdraw his plea upon this ground, this contention is unpreserved for our review (see People v Cruz, 186 AD3d 932, 933 [2020], lv denied 35 NY3d 1112 [2020]; People v Edwards, 181 AD3d 1054, 1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; People v Sabin, 179 AD3d at 1403). Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.