People v Lamondie (2023 NY Slip Op 05014)

People v Lamondie

2023 NY Slip Op 05014

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

113579
[*1]The People of the State of New York, Respondent,
v
Tyler Lamondie, Appellant.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered June 13, 2022, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant and his codefendants were charged in a 15-count indictment with, among other crimes, offenses relating to the unlawful entry of a dwelling and injury of an occupant therein. In full satisfaction of the five counts applicable to him,[FN1] defendant pleaded guilty to attempted burglary in the second degree and waived his right to appeal, both orally and in writing, with the understanding that there would be no sentencing commitment by the People or from County Court. At sentencing, County Court sentenced defendant to a prison term of 6½ years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant's challenge to the voluntariness of his guilty plea survives his unchallenged appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [3d Dept 2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [3d Dept 2016], lv denied 28 NY3d 1184 [2017]), but is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Pastor, 28 NY3d 1089, 1090 [2016]; People v Small, 166 AD3d 1237, 1238 [3d Dept 2018]; People v Caraballo, 208 AD2d 413, 413 [1st Dept 1994], lv denied 84 NY2d 1010 [1994]; see also People v Delorbe, 35 NY3d 112, 119-120 [2020]).[FN2] Further, defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement or obligate County Court to inquire whether defendant was aware of any potential affirmative defenses (see People v Pastor, 28 NY3d at 1090-1091; People v Robert, 214 AD3d 1085, 1086-1087 [3d Dept 2023], lv denied 39 NY3d 1156 [2023]; People v Gumbs, 182 AD3d 701, 702-703 [3d Dept 2020], lv denied 35 NY3d 1066 [2020]; People v Quell, 166 AD3d 1388, 1389 [3d Dept 2018], lv denied 32 NY3d 1208 [2019]; compare People v Gresham, 151 AD3d 1175, 1178-1179 [3d Dept 2017]; People v DeJesus, 144 AD3d 1564, 1565 [4th Dept 2016]). Were we to address his claim, we would find that the plea colloquy leaves no doubt that defendant was aware of the rights he was giving up, including any defenses that he could raise at trial, by pleading guilty and that he made a knowing, voluntary and intelligent decision to proceed (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Giammichele, 144 AD3d at 1320).
Garry, P.J., Lynch, Pritzker and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant was charged with burglary in the first degree, burglary in the second degree, assault in the third degree, conspiracy in the fourth degree and tampering with a witness in the second degree.

Footnote 2: "To the extent that defendant challenges the factual sufficiency of his plea allocution, this claim is precluded by his [uncontested] waiver of the right to appeal" (People v Gumbs, 182 AD3d 701, 702 n [3d Dept 2020] [citations omitted], lv denied 35 NY3d 1066 [2020]).