People v Luce (2024 NY Slip Op 06387)

People v Luce

2024 NY Slip Op 06387

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

112967
[*1]The People of the State of New York, Respondent,
v
Christopher R. Luce, Appellant.

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Amanda FiggsGanter, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Aarons, J.P.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered April 23, 2021, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
Defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, and he waived his right to appeal. County Court thereafter sentenced him to four years of probation in addition to, among other things, fines, fees, surcharges and license revocation. Defendant appeals. We affirm.
Defendant's sole argument is that his plea was not knowing, intelligent and voluntary because, when asked by County Court during the plea colloquy whether he operated a vehicle while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), defendant responded, "Yes, I guess." Although this contention survives his unchallenged appeal waiver, it is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see CPL 220.60 [3]; People v Ryals, 224 AD3d 938, 938 [3d Dept 2024]; People v Lamondie, 220 AD3d 991, 992 [3d Dept 2023]). We are not persuaded that the narrow exception to the preservation rule applies (see generally People v Tyrell, 22 NY3d 359, 364 [2013]; People v Lopez, 71 NY2d 662, 666 [1988]). Defendant immediately corrected himself and unequivocally stated, "Yes," before the court could address his equivocal "I guess" response moments before. Further, defendant unequivocally admitted, in connection with another count, that he operated a motor vehicle on a public highway while intoxicated on the same date. In light of the foregoing, "we cannot say that the court should have made a further inquiry to ensure that the plea was being made knowingly and voluntarily" (People v Allevato, 170 AD3d 1264, 1266 [3d Dept 2019], lv denied 34 NY3d 949 [2019]). Finally, we decline to take corrective action in the interest of justice (see CPL 470.15 [3] [c]).
Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.