People v Camacho (2025 NY Slip Op 00701)

People v Camacho

2025 NY Slip Op 00701

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CR-22-2014
[*1]The People of the State of New York, Respondent,
v
Bonnie M. Camacho, Appellant.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Bonnie M. Camacho, Bedford Hills, appellant pro se.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Tompkins County (Scott Miller, J.), rendered September 6, 2022, convicting defendant upon her plea of guilty of the crime of assault in the first degree.
Defendant was charged by indictment with attempted murder in the second degree and two counts of assault in the first degree, after she doused the victim in rubbing alcohol and set her on fire while she sat in a parked vehicle. Defendant thereafter pleaded guilty to assault in the first degree in satisfaction of the indictment. Pursuant to the terms of the plea agreement, County Court sentenced defendant to a prison term of nine years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant concedes that she failed to preserve her challenge to the voluntariness of her guilty plea based upon coercion, as she did not file an appropriate postallocution motion (see People v Graham, 214 AD3d 1256, 1256-1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Conley, 135 AD3d 1238, 1239 [3d Dept 2016]). We do not find that the narrow exception to the preservation rule applies, as defendant did not make any statements during the plea colloquy that cast doubt upon her guilt or otherwise called into question the voluntariness of her plea (see People Wimberly, 228 AD3d 1177, 1177 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Lobaton, 140 AD3d 1534, 1535 [3d Dept 2016], lv denied 28 NY3d 972 [2016]). Although the record reflects that some confusion arose during the plea colloquy as to the meaning of "serious physical injury" for purposes of assault in the first degree, County Court provided defendant with the definition of same and afforded her additional time to consult with counsel (see Penal Law §§ 10.00 [10]; 120.10). Thereafter, defendant stated that she understood what she was being asked and then admitted that she intended to cause the victim serious physical injury. Moreover, comments made by the court at a preplea hearing and at sentencing regarding defendant's sentencing exposure under the indictment, or its assurances that it would adhere to the terms of the plea agreement, were not indicative of coercion (see People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Iorio, 188 AD3d 1352, 1353 [3d Dept 2020], lv denied 36 NY3d 1051 [2021]). Similarly, the court did not engage in coercion when it commented during a preplea hearing upon the strength of the evidence against defendant (see People v Burks, 172 AD3d 1640, 1643 n [3d Dept 2019], lv denied 33 NY3d 1102 [2019]; People v Morelli, 46 AD3d 1215, 1216 [3d Dept 2007], lv denied 10 NY3d 814 [2008]).
Likewise, defendant's statements at sentencing, as well as references by defense counsel and the People to her drug and alcohol use, were not inconsistent with her guilt and did not call into question the voluntariness of her plea, nor did they impose [*2]upon County Court a duty of further inquiry (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lamondie, 220 AD3d 991, 992 [3d Dept 2023]; People v Gumbs, 182 AD3d 701, 703 [3d Dept 2020], lv denied 35 NY3d 1066 [2020]; compare People v Skyers, 173 AD3d 1565, 1565-1566 [3d Dept 2019]; People v Gresham, 151 AD3d 1175, 1178 [3d Dept 2017]). Notably, the court questioned defendant during the plea colloquy as to whether she had discussed any potential defenses with counsel, and she confirmed that she had done so and was satisfied with her counsel's representation.
Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.