[68 NE3d 42, 45 NYS3d 317]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATALIO PASTOR, Appellant.

Decided December 15, 2016

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation,* New York City (*Robin Nichinsky* of counsel), for appellant.

*Darcel D. Clark, District Attorney,* Bronx (*Emily A. Aldridge* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

■ Defendant's challenges to the validity of his guilty plea are unpreserved and unreviewable by this Court. Defendant had "an opportunity to seek relief from the sentencing court" by moving to withdraw his plea based on his alleged justification defense, and therefore the "narrow exception to the preservation requirement" does not apply (*People v Conceicao*, 26 NY3d 375, 381 [2015]). Defendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a justification

defense, and therefore *People v Lopez* (71 NY2d 662, 666 [1988]) is inapplicable.

■ Defendant's further contention that the court failed to advise him of the immigration consequences of his plea is also unpreserved for appellate review. The court informed defendant during the plea colloquy that if he was not a citizen, he could face deportation as a result of his guilty plea. Defendant therefore was informed before he pleaded guilty of the possibility that he could be deported as a result of his plea, and if he was confused about that issue, he was obligated to move to withdraw his plea on that ground before the sentencing court (*see People v Peque*, 22 NY3d 168, 182-183 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]). To the extent defendant contends that his attorney misadvised him about the immigration consequences of his plea, defendant must raise that claim by way of a CPL 440.10 motion.

Chief Judge DIFIORE and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, in a memorandum.