People v Roberson (2018 NY Slip Op 03601)





People v Roberson


2018 NY Slip Op 03601


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6609 5657/14

[*1]The People of the State of New York, Respondent,
v
Tyrone Roberson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan Callagee O'Brien of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered May 26, 2016, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.
Defendant's plea was knowingly, intelligently, and voluntarily entered. Furthermore, the court providently exercised its discretion in denying defendant's motion to withdraw the plea (see People v Frederick, 45 NY2d 520 [1978]).
When, during the thorough plea colloquy, defendant claimed to be under duress, the court refused to accept the plea. Only after defendant insisted that he wanted to plead guilty did the court accept the plea, after further inquiry to ensure that defendant was in fact voluntarily pleading guilty. In response to a question about whether his claim of duress had been an effort to "dirty" the record, defendant acknowledged that this was true. We also note that defendant had five prior felony convictions and thus was "no novice to the criminal justice system" (People v Goldstein, 12 NY3d 295, 301 [2009]).
The record does not support defendant's assertion that his counsel failed to make a sufficient investigation into the facts, including the potential defense set forth in defendant's statements to the police. On the contrary, counsel acknowledged receipt of the discovery materials earlier in the week of the suppression hearing, he conferred with defendant before the hearing, and he reviewed with defendant a videotape of the incident.
Defendant's plea allocution did not negate any elements of the attempted robbery to which he pleaded. At the plea proceeding, defendant did not cite to his out-of-court statements, or to anything else to suggest that he had a viable defense (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Unlike the situation in People v Mox (20 NY3d 936 [2012]), there was nothing in the actual plea allocution that triggered a duty to inquire into a potential defense.
At sentencing, defendant did not establish any basis for withdrawing the plea. When, in connection with the plea withdrawal motion, defendant sought to obtain a recorded phone call, the court correctly concluded that the call would not be exculpatory given the facts of the case.
Defendant made a valid and enforceable waiver of his right to appeal. The oral colloquy sufficiently ensured that defendant understood that the right to appeal is separate from the other trial rights automatically forfeited by pleading guilty, and it met or exceeded the minimum standards for such a colloquy (see People v Bryant, 28 NY3d 1094 [2016]). Defendant also signed an appropriate written waiver, and the court confirmed that defendant had discussed the waiver with defense counsel.
The waiver forecloses review of defendant's challenge to the court's suppression ruling. As an alternative holding, we find that the People established the voluntariness of defendant's statements to the police.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK