People v Harris (2018 NY Slip Op 08100)





People v Harris


2018 NY Slip Op 08100


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


4799/12 7732A 1602/13 7732

[*1] The People of the State of New York, Respondent,
v
Michelle Harris, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Justine M. Luongo and Amy Donner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered April 10, 2013, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing her, as a second felony drug offender, to an aggregate term of three years, and judgment, same court (Thomas Farber, J.), rendered July 9, 2013, as amended July 11, 2013, convicting defendant, upon her plea of guilty, of grand larceny in the fourth degree, and sentencing her, as a second felony offender, to a concurrent term of two to four years, unanimously affirmed.
Defendant's challenge to the voluntariness of her plea to sale of a controlled substance is unpreserved, and we decline to review it in the interest of justice. Because "[d]efendant said nothing [at] the plea colloquy or ... sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense," the narrow exception to the preservation rule does not apply (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665 [1988]). The court was not required to make a sua sponte inquiry into defendant's purported assertion of an agency defense in her presentence interview (see People v Rojas, 159 AD3d 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). In any event, there is no indication in the postplea statements, or elsewhere in the record, to suggest that defendant had a viable agency defense to the drug sale charge (see generally People v Lam Lek Chong, 45 NY2d 64, 74-75 [1978], cert denied 439 US 935 [1978]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK