People v Sosa (2019 NY Slip Op 03463)





People v Sosa


2019 NY Slip Op 03463


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9167 2111/15

[*1]The People of the State of New York, Respondent,
v
Marquety Castillo Sosa, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth R. Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert Torres, J. at plea; Denis Boyle, J. at sentencing), rendered June 24, 2016, convicting defendant of attempted assault in the second degree, and sentencing him to a term of one to three years, unanimously affirmed.
Defendant's challenge to his plea is unpreserved, and we decline to review it in the interest of justice. The exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply because defendant did not say anything during the plea colloquy or sentencing proceeding that negated an element of the crime or raised the possibility of a defense (People v Pastor, 28 NY3d 1089, 1090-91 [2016]).
Defendant asserts that he made exculpatory statements to the police suggesting that he had a justification defense. However, a plea court's duty to make a sua sponte inquiry is not triggered by a defendant's postarrest statements when the defendant does "not reiterate those statements at [the] plea allocution" (People v Martorell, 88 AD3d 485, 486 [1st Dept 2011], lv denied 18 NY3d 926 [2012]). Defendant further asserts that he made statements reflected in his presentence report suggesting both justification and intoxication defenses. However, there is likewise no duty on the part of a sentencing court to inquire into such out-of-court statements (see e.g. People v Rojas, 159 AD3d 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). Moreover, although not required to do so, the sentencing court referred to the statements defendant made in his presentence interview and confirmed, through counsel in defendant's presence, that defendant was not moving to withdraw his plea.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK