People v Huntley (2019 NY Slip Op 07958)





People v Huntley


2019 NY Slip Op 07958


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109719

[*1]The People of the State of New York, Respondent,
v
Niquasia Huntley, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Mark A. Diamond, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 7, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In August 2016, defendant pleaded guilty to a reduced charge of attempted criminal possession of a controlled substance in the third degree in satisfaction of a multicount indictment, waived her right to appeal and, pursuant to a plea agreement, was sentenced to time served and five years of probation. In January 2017, a violation of probation petition was filed against her alleging that she had violated six conditions of her probation, including being arrested for robbery in the first degree and 10 other charges. In April 2017, defendant admitted to violating one condition of her probation and again waived her right to appeal. County Court then revoked her probation and resentenced her to a prison term of 3½ years, to be followed by two years of postrelease supervision, which was set to run concurrently with the sentence ultimately imposed for her robbery conviction. Defendant appeals.
Defendant's challenge to the voluntariness of her admission to the probation violation survives her unchallenged waiver of the right to appeal from the April 2017 proceedings (see People v Sumter, 157 AD3d 1125, 1125 [2018]), but the claim is not preserved for our review absent evidence of an appropriate postallocution motion (see People v Mastro, 174 AD3d 1232, 1232 [2019]; People v Miazga, 171 AD3d 1358, 1359 [2019]). In addition, the narrow exception to the preservation requirement is inapplicable here as defendant did not make any statements during her admission colloquy or at sentencing that were inconsistent with her guilt or otherwise cast doubt on the voluntariness of her admission (cf. People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). Defendant's challenge to the factual sufficiency of her admission is precluded by the unchallenged appeal waiver (cf. People v Hummel-Parker, 171 AD3d 1397, 1398 [2019]; People v Dorsey, 170 AD3d 1325, 1325 [2019], lv denied 33 NY3d 1068 [2019]), as is her claim that the resentence is harsh and excessive (see People v Bailey, 157 AD3d 1133, 1134 [2018], lv denied 31 NY3d 981 [2018]; see also People v Stevens, 166 AD3d 1167, 1168 [2018], lv denied 32 NY3d 1129 [2018]); People v Marable, 164 AD3d 1542, 1543 [2018], lv denied 32 NY3d 1126 [2018]).
Garry, P.J., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.