People v Johnson (2019 NY Slip Op 08348)





People v Johnson


2019 NY Slip Op 08348


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10156 3380/16

[*1] The People of the State of New York, Respondent,
v
Patrick Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered March 7, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of two years, held in abeyance, and the matter remanded for further proceedings in accordance herewith.
Defendant was deprived of effective assistance when his counsel advised his client that because of his plea, he "will most likely be deported, since it is clear that defendant's drug-related conviction would trigger mandatory deportation under 8 USC § 1227 (a)(2)(B)(i) (see Padilla v Kentucky, 559 US 356, 368-369 [2010]; People v Pequero, 158 AD3d 421 [1st Dept 2018]; People v Doumbia, 153 AD3d 1139 [1st Dept 2017]; People v Corporan, 135 AD3d 485 [1st Dept 2016]). The remarks made by counsel on the record to the judge, as to what he advised his client with regard to the immigration consequences of his plea, are sufficient to permit review on direct appeal (see Doumbia, 153 AD3d at 1139). Thus, we hold this matter in abeyance to afford defendant the opportunity to move to vacate his plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had he been made aware of the deportation consequences of his plea.
The People's reliance on People v Pastor (28 NY3d 1089 [2016]) is misplaced. In Pastor, the Court of Appeals simply held that the defendant's contention "that his attorney misadvised him about the immigration consequences of his plea" should be raised by way of a CPL 440.10 motion as the plea record on its face did not support his contention that he received "mis-advice" (id. at 1091). Unlike Pastor, the record here is sufficient to permit review on direct appeal.
All concur except Tom, J. who dissents
in a memorandum as follows:




TOM, J. (dissenting)


I disagree with the majority's conclusion that trial counsel provided defendant with ineffective assistance as a matter of law on the basis of the existing record as well as the majority's basis for remanding, which fails to account for CPL 440.10. Hence, I respectfully dissent.
The majority is reaching its conclusion on the basis of the existing record. The record indicates that defendant was provided at his arraignment with a notice of the immigration consequences of a conviction. During a plea colloquy with the court and the prosecutor, counsel, who appeared with defendant, evinced his awareness that the drug offense charged would result in an automatic deportation, as counsel discussed with the court and the prosecutor. Hence, we cannot speculate that counsel may have been unaware of the consequences of a conviction and on such a basis may have misinformed defendant. During a subsequent appearance, counsel [*2]informed the court that he intended to discuss the plea with defendant "next Saturday," that "[t]here's immigration issues but I don't think the [i]mmigration issues, they are going to be there one way or the other. I expect we will be able to take this plea but I want to discuss fully with" defendant. Discussing with defendant "fully" what counsel had acknowledged to the court - that deportation was automatic - at least suggests a basis for an informed, proper, advisement.
During the subsequent plea proceeding, counsel informed the court that he had "advise[d] [defendant] of the immigration consequences, that he is here and will most likely be deported with a felony plea, and I have given him everything." This phrasing, "most likely," needs to be explored, but this was an informal discussion between counsel and the court in which defendant did not participate.
Defendant himself then tried to bargain with the court for a sentence that would, in the aggregate, amount to the same time, two years, but would be broken up into two consecutive one-year terms. Counsel explained that defendant's request was "because of the immigration issues that are involved," another indication that defendant fully understood the ramifications of a plea from a deportation perspective. When the court explained that the requested sentence could not be imposed, defendant inquired into the maximum term he faced. When the court advised that it was nine years, defendant accepted the two-year offer and allocuted to the facts of the crime. The court inquired whether defendant had "discussed the immigration consequences" with counsel of pleading guilty; defendant answered yes, and that he "wish[ed] to plead guilty regardless of any adverse immigration consequences that may result."
This was not an uninformed defendant; however, in view of some of this Court's recent decisions that require a rigorous catechism by which counsel informs the defendant of the certainty of deportation upon conviction of designated categories of crimes (see e.g. People v Rodriguez, 165 AD3d 546 [1st Dept 2018] People v Pequero, 158 AD3d 421 [1st Dept 2018]), there exists a possibility that defendant was not fully informed. However, ascertaining that requires further fact-finding.
Procedurally, it seems clear that when an ineffective assistance of counsel claim is raised by a defendant, if "the record does not make clear, irrefutably, that a right to counsel violation has occured, the claimed violation can be reviewed only on a post-trial motion under CPL 440.10, not on direct appeal" (People v McLean, 15 NY3d 117, 121 [2010]). Defendant's present claim that his counsel provided him with ineffective assistance regarding the immigration consequences of his plea (see Padilla v Kentucky, 559 US 356 [2010]) is unreviewable on direct appeal because it involves matters not reflected in the record regarding the full extent of counsel's immigration advice. Contrary to the position taken by the majority, I am convinced that without an expansion of the record, it is impossible to determine whether an isolated immigration-related phrase in counsel's colloquy with the court - not with defendant - regarding a possible disposition reflected the advice defendant actually received from his counsel. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal (see People v Pastor, 28 NY3d 1089, 1091 [2016]; compare People v Doumbia, 153 AD3d 1139 [1st Dept 2017] [content of actual advice placed on the record]).
Moreover, the People served defendant with a notice of immigration consequences, the court provided immigration warnings, and during the plea colloquy defendant confirmed that he wanted to plead guilty regardless of any adverse immigration consequences.
Although the majority is remanding for findings as to prejudice, I believe that is [*3]premature. It may even be unnecessary depending on the outcome of the CPL 440 proceeding, should defendant be advised to pursue that relief. In that event, the motion court should be able to examine prejudice if it first finds ineffective assistance of counsel.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK