People v Fareau (2020 NY Slip Op 02478)





People v Fareau


2020 NY Slip Op 02478


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-08464
 (Ind. No. 9636/15)

[*1]The People of the State of New York, respondent,
v
Oliver Fareau, appellant.


Paul Skip Laisure, New York, NY (Leila Hull of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Song Ji Liu of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered July 11, 2017, convicting him of robbery in the third degree (three counts) and grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the Supreme Court failed to inquire about certain statements he made to the probation officer who prepared the presentence report. This contention is unpreserved for appellate review because the defendant did not move to vacate his plea or otherwise raise this issue before the court (see CPL 470.05[2]; People v Pastor, 28 NY3d 1089, 1090-1091; People v Anderson, 170 AD3d 878). The "rare case" exception to the preservation requirement does not apply because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666). In any event, the post-plea statements attributed to the defendant in the presentence report did not obligate the court to conduct a sua sponte inquiry into the basis for the plea (see People v Ospina, 175 AD3d 513, 514; People v Anderson, 170 AD3d at 878; People v Bailey, 158 AD3d 948, 949).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit as he failed " to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's alleged shortcomings at the sentencing proceeding" (People v Robinson, 176 AD3d 877, quoting People v Rivera, 71 NY2d 705, 709).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court