People v Munoz (2021 NY Slip Op 00095)





People v Munoz


2021 NY Slip Op 00095


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Ind No. 61/16 Appeal No. 12799 Case No. 2017-1762 

[*1]The People of the State of New York, Respondent,
v
Sabrina Munoz, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Kristina Schwarz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nathan Brandon Shi of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered August 11, 2016, convicting defendant, upon her plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing her to a term of five years' probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to time served, and otherwise affirmed.
Defendant's challenge to the voluntariness of her plea is unpreserved and we decline to review it in the interest of justice. Because "[d]efendant said nothing [at] the plea colloquy or . . . sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense," the narrow exception to the preservation rule does not apply (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665 [1988]). There was no plea withdrawal motion, and the court was not required to make a sua sponte inquiry into defendant's purported assertion of an intoxication defense in her presentence interview (see People v Rojas, 159 AD3d 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). In any event, in the statement reflected in the presentence report, defendant did not suggest that at the time of the crime she was so intoxicated as to be incapable of forming the necessary criminal intent.
We find the sentence excessive to the extent indicated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021