People v Tapia (2021 NY Slip Op 01274)





People v Tapia


2021 NY Slip Op 01274


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2011-02784
 (Ind. No. 10491/10)

[*1]The People of the State of New York, respondent,
v
Leo Tapia, appellant.


Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Deanna Russo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J., at plea; Joseph Anthony Grosso, J., at sentence), rendered October 26, 2010, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion by the defendant, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.
The defendant and Fotios Vidalis (hereinafter the codefendant) were arrested for possession of certain controlled substances. On October 8, 2010, the Supreme Court conducted a joint plea proceeding for the defendant and the codefendant. During that proceeding, the court posed a question directly to "Mr. Vidalis," asking if the codefendant understood that he could be deported if he entered a plea of guilty, to which the codefendant answered in the affirmative. The court then stated to the defendant, "Mr. Tapia; do you understand that?" The defendant answered in the affirmative. The court then individually asked the codefendant and the defendant if they had fully discussed "the immigration consequences of this case with your attorney," to which the defendant answered in the affirmative. However, the court did not specifically instruct the defendant, who required a Spanish interpreter to understand the court and had only a sixth-grade education, that he could be deported if he entered a plea of guilty, nor did the court use the words "deported" or "deportation" in any statement posed directly to the defendant. The defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree.
In People v Peque (22 NY3d 168), the Court of Appeals held that, "as a matter of fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (id. at 193). A defendant seeking to vacate a plea based on the plea court's failure to apprise him or her of the possibility of deportation as a consequence of the defendant's plea of guilty "must demonstrate that there is a 'reasonable probability' that he or she would not have entered a plea of guilty and would instead have gone to trial had the court warned of the possibility of deportation" (People v Arana, [*2]179 AD3d 826, 826-827, quoting People v Peque, 22 NY3d at 176).
Initially, the defendant's contention that the Supreme Court failed to sufficiently advise him of the deportation consequences of his plea of guilty is unpreserved for appellate review, since he failed to raise that issue before the Supreme Court or move to withdraw his plea of guilty (see People v Pastor, 28 NY3d 1089, 1091; People v Facey, 167 AD3d 932, 933). Nevertheless, based upon the particular circumstances of this case, we reach the defendant's contention in the exercise of our interest of justice jurisdiction.
Here, while the plea record demonstrates that the Supreme Court specifically advised the codefendant of the possibility that he could be deported as a consequence of his plea, the court, in addressing the defendant, simply asked, "Mr. Tapia; do you understand that?" (emphasis added). In light of the defendant's limited education and need for a Spanish interpreter to understand the court's remarks, the court's limited inquiry as to whether the defendant understood "that" did not ensure the defendant's understanding that he could be deported as a consequence of his own plea, as opposed to his mere recognition that the codefendant faced deportation consequences (see generally People v Platel, 187 AD3d 1216).
Therefore, we remit the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Jean-Joseph, 135 AD3d 959, 959-960). We hold the appeal in abeyance pending receipt of the court's report on any such motion by the defendant.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court