People v Mejia (2021 NY Slip Op 04152)





People v Mejia


2021 NY Slip Op 04152


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-03586
 (Ind. No. 4618/13)

[*1]The People of the State of New York, respondent,
v
Edinson Mejia, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered March 10, 2016, convicting him of criminal possession of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the fifth degree (three counts), criminal possession of a controlled substance in the seventh degree (four counts), unlawful possession of marihuana, and speeding, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment affirmed.
The People concede that the defendant's appeal waiver was invalid and does not preclude this Court's consideration of the defendant's arguments (see People v Tellado, 181 AD3d 830).
A defendant's objection to the insufficiency of a plea allocution must be preserved for appellate review via a motion to withdraw the plea prior to sentencing or a motion to vacate the judgment of conviction (see People v Purnell, 166 AD3d 814, 816; People v Sanchez, 122 AD3d 646). However, there is an exception to the preservation requirement where a defendant's "'factual recitation negates an essential element of the crime pleaded to or casts significant doubt on the defendant's guilt'" (People v Anderson, 149 AD3d 766, 766, quoting People v Mead, 27 AD3d 767, 767; see People v Worden, 22 NY3d 982, 985; People v Johnson, 165 AD3d 701, 702; People v Sanchez, 122 AD3d at 646-647).
Here, the defendant failed to preserve his objection to the adequacy of the allocution, and any error does not fit within the exception to the preservation requirement. We decline to reach this issue in the interest of justice.
The People concede that the Supreme Court erred in failing to advise the defendant of the fine component of his sentence until the sentence was imposed (see People v Harnett, 16 NY3d 200, 205; People v Sirabella, 148 AD3d 1186, 1186-1187). The defendant, however, did not object to the added component of the sentence when the sentence was imposed, and thus, his claim is not preserved for appellate review. Under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to review the unpreserved claim (see People v Garcia-Collado, 151 AD3d 982).
"'Due process compels a trial court to apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony'" (People v Delorbe, 35 NY3d 112, 115, quoting People v Peque, 22 NY3d 168, 176; see People v Suazo, 32 NY3d 491, 503; People v Tapia, 192 AD3d 706, 707). A defendant's claim that a plea of guilty is invalid must be preserved via a motion to withdraw the plea on the same grounds subsequently alleged on appeal or a motion to vacate the judgment of conviction pursuant to CPL 440.10 (see People v Delorbe, 35 NY3d at 119; People v Peque, 22 NY3d at 182). "'[W]here a defendant has no practical ability to object to an error in a plea allocution which is clear from the face of the record, preservation is not required'" (People v Delorbe, 35 NY3d at 119, quoting People v Peque, 22 NY3d at 182). Nevertheless, this exception is narrow, and does not apply where the defendant has an opportunity to discover the error (see People v Delorbe, 35 NY3d at 120; People v Williams, 27 NY3d 212, 223 n 2; see also People v Pastor, 28 NY3d 1089, 1091).
Here, the defendant did not preserve an objection to the Supreme Court's immigration advice, but contends that his objection falls within the exception. The record reveals that upon learning that the defendant was not a United States citizen, the court advised him that "[his] immigration status will be jeopardized and [he] may be deported at any time before the expiration of [his] sentence, excluded or denied naturalization and in some instances directly deported from prison or jail." Contrary to the defendant's contention, this colloquy, coupled with his admission that defense counsel had discussed the possible immigration consequences of his plea, were adequate to provide the defendant the opportunity to discover any error. Accordingly, the exception to the preservation requirement does not apply and, under the circumstances of this case, we decline to reach the issue in the interest of justice.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court