People v Bah (2022 NY Slip Op 00823)





People v Bah


2022 NY Slip Op 00823


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Ind. No. 3528/16 Appeal No. 15237 Case No. 2018-580 

[*1]The People of the State of New York, Respondent,
v
Ibrahim Bah, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.) rendered January 3, 2017, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him to a term of one year, unanimously affirmed.
Defendant's challenge to his plea is unpreserved, and we decline to review it in the interest of justice. The exception to the preservation rule set in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here, because "[d]efendant said nothing during the plea colloquy or sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense" (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Defendant asserts that his statements to the police suggested that he had an intoxication defense. "However, a plea court's duty to make a sua sponte inquiry is not triggered by a defendant's postarrest statements when the defendant does not reiterate those statements at the plea allocution" (People v Sosa, 172 AD3d 432, 433 [1st Dept 2019][internal quotation marks and brackets omitted]). Defendant asserts that he also made statements suggesting an intoxication defense that are reflected in his presentence report. "However, there is likewise no duty on the part of the sentencing court to inquire into such out-of-court statements" (id.). In any event, nothing in the record casts doubt on the validity of the plea.
Defendant's request for a sentence reduction is moot because he has completed his entire sentence. "Even assuming, arguendo, that defendant's request for a reduction of his already-completed sentence to 364 days is not moot because such relief would affect his deportation situation, we perceive no basis for reducing the sentence" (People v Papanye, 159 AD3d 482, 483 [1st Dept 2018], lv denied 31 NY3d 1085 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022