People v Brown (2022 NY Slip Op 02917)

People v Brown

2022 NY Slip Op 02917

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

332 KA 19-02365

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN BROWN, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 30, 2019. The judgment convicted defendant, upon his plea of guilty, of hindering prosecution in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of hindering prosecution in the first degree (Penal Law § 205.65). We affirm.
Defendant's challenges to the voluntariness of his guilty plea are unpreserved for appellate review (see People v Rodriguez, 199 AD3d 1458, 1458-1459 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]), and the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case because defendant said "[n]othing . . . during the plea colloquy itself" that negated an element of the pleaded-to crime or otherwise called into doubt the voluntariness of his plea (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see also People v Romanowski, 196 AD3d 1081, 1082 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]). Contrary to defendant's assertion, which finds support in a line of Third Department cases that we declined to follow in Mobayed (see e.g. People v Gresham, 151 AD3d 1175, 1178 [3d Dept 2017]), we reiterate that a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness "based upon comments made by [the] defendant during . . . sentencing" (Mobayed, 158 AD3d at 1223; see People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017]; People v Garbarini, 64 AD3d 1179, 1179 [4th Dept 2009], lv denied 13 NY3d 744 [2009]; People v Sands, 45 AD3d 414, 415 [1st Dept 2007], lv denied 10 NY3d 816 [2008]).
As the Court of Appeals emphasized in Lopez itself, the trial court's duty of further inquiry is triggered only when a defendant makes a negating or undermining statement before the trial court "accepts" his or her guilty plea (71 NY2d at 666). Indeed, the entire Lopez rule is framed around the trial court's "duty" to "not accept" a negated guilty plea unless the defendant, during a further inquiry, provides sufficient assurances of the plea's voluntariness (id. [emphasis added]). The Lopez rule thus cannot be applied to statements made by the defendant after the plea's valid acceptance, and to our knowledge the Court of Appeals has never extended Lopez to require the sua sponte reopening of a plea colloquy based upon the defendant's post-plea statements. Contrary to the Third Department's position (see e.g. Gresham, 151 AD3d at 1178), the Court of Appeals did not expand the Lopez rule to such post-plea statements in People v Pastor (28 NY3d 1089 [2016]); rather, the Court of Appeals' memorandum in that case noted that the defendant "said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a justification defense" (id. at 1090-1091), and it declined to apply the Lopez rule under those circumstances. Pastor never [*2]explicitly held that the Lopez rule would have been triggered had the defendant said something at sentencing that negated an element of the crime to which he had already pleaded guilty, and the Court of Appeals' subsequent characterization of Pastor and related caselaw in People v Delorbe (35 NY3d 112, 119-121 [2020]) further confirms our conclusion that Pastor did not implicitly extend the Lopez rule to a defendant's post-plea statements. Indeed, the Third Department's interpretation of Pastor incentivizes defendants to forgo formal plea-withdrawal motions in favor of oblique negating commentary at sentencing; after all, since the Lopez rule forbids the acceptance and approval of a negated guilty plea without sufficient follow-up assurances from the defendant personally (see 71 NY2d at 666), applying that rule to post-plea commentary would effectively afford every defendant the unfettered option to withdraw his or her guilty plea at sentencing simply by negating an element of the pleaded-to crime and thereafter refusing to offer the follow-up assurances contemplated by Lopez. We cannot countenance such a procedure; "the law favors the finality of guilty pleas and they are not to be undone lightly or at the whim of the defendant" (People v White, 137 AD2d 859, 859 [2d Dept 1988]).
In any event, defendant said nothing at the sentencing hearing that negated an element of the crime to which he previously pleaded guilty (compare Penal Law § 205.65, with § 20.00; see generally People v Fisher, 28 NY3d 717, 722-725 [2017]). Moreover, defendant's substantive challenges to the voluntariness of his guilty plea are without merit (see People v Alexander, 19 NY3d 203, 219 [2012]; People v Adams, 201 AD3d 1311, 1313 [4th Dept 2022]; People v Rathburn, 178 AD3d 1421, 1422 [4th Dept 2019], lv denied 35 NY3d 944 [2020]). Finally, although defendant correctly contends that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 562-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we conclude that
his sentence is not unduly harsh or severe.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court