People v Pereira (2023 NY Slip Op 50319(U))

[*1]

People v Pereira (Eduardo)

2023 NY Slip Op 50319(U)

Decided on April 13, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 13, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570670/15

The People of the State of New 
 York, Respondent,  
against
Eduardo Pereira, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Richard M. Weinberg, J.), rendered May 19, 2014, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Richard M. Weinberg, J.), rendered May 19, 2014, affirmed.
Defendant, by pleading guilty, forfeited any claim that the court did not properly convert the felony complaint into a misdemeanor complaint pursuant to CPL 180.50(3)(a)(iii) (see People v Hunter, 5 NY3d 750, 751 [2005]; People v Stovall, 61 Misc 3d 127[A], 2018 NY Slip Op 51338[U] [App Term, 1st Dept 2018], lv denied 32 NY3d 1115 [2018]).
Defendant's claim that counsel provided ineffective assistance regarding the immigration consequences of the plea (see Padilla v Kentucky, 559 US 356 [2010]) is unreviewable on direct appeal because it involves matters not reflected in the record regarding the full extent of counsel's immigration advice, and thus requires a CPL 440.10 motion (see People v Pastor, 28 NY3d 1089, 1091 [2016]; People v Mann, 175 AD3d 1204 [2019], lv denied 34 NY3d 1017 [2019]). 
In any event, even assuming that counsel misadvised defendant of the immigration consequences of the guilty plea, the proper remedy is to hold the appeal in abeyance to afford defendant the opportunity to move to vacate the plea upon a showing that there is a reasonable probability that defendant would not have pleaded guilty had defendant been made aware of the deportation consequences of the plea (see e.g. People v Acosta, 202 AD3d 447 [2022]; People v Johnson, 165 AD3d 556 [2018]). However, the only relief defendant requests is dismissal of the accusatory instruments rather than vacatur of the plea, and defendant expressly requests that this Court affirm the conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter to Criminal Court, dismissal is not warranted and we affirm on this basis as well (see People v Gnoka, 76 Misc 3d 130[A], 2022 NY Slip Op 50887[U] [App Term, 1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2023