People v Gaston (2023 NY Slip Op 04214)

People v Gaston

2023 NY Slip Op 04214

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2016-00475
 (Ind. No. 9453/13)

[*1]The People of the State of New York, respondent,
v
Bonhof Gaston, appellant.

Patricia Pazner, New York, NY (Lisa Napoli of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Darci Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered July 16, 2015, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"'Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea on the same grounds subsequently alleged on appeal or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10'" (People v Delorbe, 35 NY3d 112, 119, quoting People v Peque, 22 NY3d 168, 182). Moreover, where it is apparent from the face of a record that a defendant had an opportunity to discover an error in a plea allocution, the narrow exception to the preservation requirement is inapplicable (see People v Delorbe, 35 NY3d at 120; People v Williams, 27 NY3d 212, 223).
Here, the defendant failed to preserve for appellate review his contention that the Supreme Court did not adequately advise him of the deportation consequences of his plea of guilty. The defendant did not raise the issue or move to withdraw his plea of guilty, despite acknowledging his understanding on the record before pleading guilty that "this could be a deportable offense" (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d at 183). Moreover, contrary to the defendant's contention, the exception to the preservation requirement is inapplicable here, as the plea colloquy was sufficient to provide the defendant the opportunity to discover any error (see People v Delorbe, 35 NY3d at 120; People v Pastor, 28 NY3d at 1091).
Under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to reach the issue (see People v Mejia, 195 AD3d 1043, 1045).
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court