People v Gang (2024 NY Slip Op 01197)

People v Gang

2024 NY Slip Op 01197

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-01375
2022-01376

[*1]The People of the State of New York, respondent,
v
Anthony Gang, appellant. (Ind. Nos. 2241/19, 2134/20)

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew J. D'Emic, J.), both rendered January 25, 2022, convicting him of aggravated criminal contempt under Indictment No. 2241/19, and aggravated criminal contempt and criminal contempt in the second degree under Indictment No. 2134/20, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was charged under two indictments with various crimes stemming from his conduct in 2019 and 2020, which included, among other things, violating an order of protection and engaging in a physical altercation. In satisfaction of those charges, the defendant pleaded guilty to aggravated criminal contempt under Indictment No. 2241/19 and aggravated criminal contempt and criminal contempt in the second degree under Indictment No. 2134/20. In exchange, the defendant was promised a sentence of probation on Indictment No. 2241/19 if he successfully completed a rehabilitation program and the dismissal of the felony charge and a conditional discharge on the misdemeanor charge on Indictment No. 2134/20 if he successfully completed a Mental Health Court program. The defendant did not complete the programs and, in accordance with the plea agreements, the Supreme Court sentenced the defendant to particular terms of imprisonment. The defendant appeals.
The defendant argues that his pleas of guilty were not knowing, voluntary, and intelligent because the People allegedly failed to comply with their discovery obligations under CPL article 245. However, the defendant's challenge to the voluntariness of his pleas is unpreserved for appellate review (see People v Hewitt, 201 AD3d 1041, 1041-1043), and we decline to review it in the exercise of our interest of justice jurisdiction. In order to preserve a claim that a plea of guilty is invalid, a defendant must move to withdraw the plea on the same grounds subsequently alleged on appeal or make a motion to vacate the judgment of conviction pursuant to CPL 440.10 (see People v Delorbe, 35 NY3d 112, 119; People v Gaston, 219 AD3d 626, 627).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review it in the exercise our interest of justice jurisdiction.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court