People v Hunt (2024 NY Slip Op 01519)

People v Hunt

2024 NY Slip Op 01519

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Ind. No. 71127/21 Appeal No. 1878 Case No. 2023-01768 

[*1]The People of the State of New York, Respondent,
v
Harold Hunt, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered March 23, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
Defendant's challenge to his plea is unpreserved, and we decline to review it in the interest of justice. The narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]) does not apply because defendant "said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense" (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Defendant claims that he had denied being in possession of a firearm, and made statements raising possible justification and intoxication defenses, during a presentence interview with the Department of Probation. The interview, however, was not part of the sentencing proceeding, and the Lopez exception does not apply to the out-of-court statements (see People v Rojas, 159 AD3d 468, 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]).
As an alternative holding, we find no basis on which to vacate the plea. Defendant disavowed the claims of innocence made at the presentence interview during subsequent court proceedings, and reaffirmed his guilt at sentencing. Further, although not required to do so (see People v Munoz, 190 AD3d 466 [1st Dept 2021], lv denied 36 NY3d 1099 [2021]), the sentencing court inquired into the intoxication defense, and defendant confirmed that he was not so intoxicated as to be incapable of forming the necessary criminal intent. There is no indication in the record that defendant's learning disabilities, mental health problem, and alcoholism rendered him unable to appreciate the nature of his guilty plea.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. The combination of the court's oral colloquy and detailed written waiver signed by defendant after consultation with counsel satisfied the requirements of a valid waiver. It is not dispositive that the court conducted the colloquy after defendant's allocution (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023]).
In any event, we perceive no basis for reducing the five-year term of postrelease supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024