People v Lee (2024 NY Slip Op 01561)

People v Lee

2024 NY Slip Op 01561

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-04128
 (Ind. No. 75/21)

[*1]The People of the State of New York, respondent,
v Jordan A. Lee, appellant.

Margaret M. Walker, Poughkeepsie, NY (Steven Levine of counsel; Robert Bleakley on the brief), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 22, 2022, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
As the defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal, we need not determine whether the defendant's waiver of the right to appeal was invalid (see People v Seaberg, 74 NY2d 1, 10; People v Potter, 191 AD3d 903, 903-904).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Pastor, 28 NY3d 1089, 1091; People v Tyrell, 22 NY3d 359, 364), and the narrow exception to the preservation rule is inapplicable in this case (see People v Gaston, 219 AD3d 626, 627; People v Mejia, 195 AD3d 1043, 1045). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court