People v Tenemaza

2026 NY Slip Op 03323

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Manuel Lema Tenemaza, appellant. (S.C.I. No. 70173/24)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-10654

Mark C. Dillon, J.P.

William G. Ford

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

N. Scott Banks, Hempstead, NY (Tammy Feman, Dori Cohen, and Elizabeth Walker of counsel), for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Jared A. Chester of counsel; Erica Marciante on the brief), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Nassau County (David P. Sullivan, J.), rendered April 2, 2024, convicting him of aggravated driving while intoxicated with a child, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

As part of a negotiated disposition, the defendant waived his right to be prosecuted by indictment and, under a superior court information (hereinafter SCI), pleaded guilty to aggravated driving while intoxicated with a child. The County Court rendered judgment thereafter. The defendant appeals.

The defendant's contention challenging the County Court's granting of the People's application to amend the SCI to cure a nonjurisdictional defect is forfeited by his plea of guilty and barred by his uncontested appeal waiver (see People v Garcia, 236 AD3d 576, 576-577; People v Ford, 231 AD3d 1241, 1242 n 1; People v Feltz, 223 AD3d 683, 683; People v McKinney, 122 AD3d 1083, 1083).

The defendant's contention that his plea of guilty was involuntary because the County Court failed to properly advise him of the immigration consequences of his plea is unpreserved for appellate review. The defendant "was informed before he pleaded guilty of the possibility that he could be deported as a result of his plea, and if he was confused about that issue, he was obligated to move to withdraw his plea on that ground before the sentencing court" (People v Pastor, 28 NY3d 1089, 1091). We decline to review it in the exercise of our interest of justice jurisdiction.

DILLON, J.P., FORD, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court